Portland Furniture Manufacturing Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

C. B. Van Vorst & Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Furniture Corporation of America, Ltd., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 61809, 70366, 70367, 72800, 72801.   Promulgated June 7, 1934.

*O. A. Neal, Esq.*, for the petitioners.
*W. R. Lansford, Esq.*, for the respondent.

OPINION.

ARUNDELL: We have but two questions for decision. First, whether the Portland Co. is entitled to a deduction of the amount paid in 1929 as its share of the expenses of investigating the feasi-

bility of a proposed merger in 1929. Petitioner claims, and has offered evidence to establish its claim, that the proposed merger was abandoned in 1929. Respondent resists the allowance on the ground that petitioner made use of some of the information gathered in 1929 when it entered into the combination in 1930 headed by the Furniture Corporation.

The evidence establishes that the 1929 merger proposal was definitely abandoned in that year. If nothing more were shown petitioner would unquestionably be entitled to the deduction claimed. See *Robert Buedingen*, 6 B.T.A. 335; *Tom (Fayette T.) Moore*, 19 B.T.A. 140, allowing deductions for architects' fees where building plans were discarded and the building projects abandoned. We fail to see why the deduction should be denied because of petitioner's subsequent participation in a different combination from that proposed in 1929. True, it appears that some of the reports prepared in 1929 were used as a starting point in the 1930 negotiations, but that does not change the fact that the project in connection with which the reports were prepared was abandoned in 1929 and in that year petitioner had suffered a loss of the amount paid. We are of the opinion that the amount paid by petitioner in 1929 should be allowed as a loss.

The other question is whether the income of the Portland Co. and Van Vorst Co. should be combined with and taxed to the Furniture Corporation for the period January 1 to September 30, 1930. The respondent has allowed affiliation and the filing of a consolidated return from October 1 to the end of the year 1930 and his action in that respect is not in issue. Affiliation is not now claimed by petitioners prior to October 1; apparently the requisite amount of stock was not owned by the Furniture Corporation prior to that date. In the absence of affiliation, we know of no provision in the statute which would permit the taxing of the income of the Portland Co. and Van Vorst Co. to the Furniture Corporation. Clearly the options to purchase the assets and assume the liabilities of those companies, which were exercised sometime subsequent to June 23, 1930, were not sufficient to relieve petitioners of tax liability on their income, even though their operations were taken over as of the first of the year and the income was paid over to the purchaser of their assets. Throughout the period here involved petitioners retained their identities and the income they earned was taxable to them. Decision on this issue is for respondent.

The stipulation as to the transferee liability of the Furniture Corporation obviates any need for discussion of that point.

*Decision will be entered under Rule 50.*